**HOWARD & HOWARD ATTORNEYS PLLC**
Robert L. Rosenthal, Esq.
State Bar No. 6476
S. Jay Young, Esq.
State Bar No. 5562
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
Telephone: (702) 257-1483
Facsimile: (702) 567-1568
E-Mail Address: rlr@h2law.com
sjy@h2law.com
*Attorneys for Pink Spot Vapors Inc., Vegas Casa, LLC, Penn Elletson, and Sandra Elletson*

**UNITED STATES DISTRICT COURT FOR**

**THE DISTRICT OF NEVADA**

| | |
|---|---|
| ERIC JOHNSON, an individual; ANTOINETTE DEALBA, an individual; on behalf of themselves and all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PINK SPOT VAPORS INC; VEGAS CASA, LLC; PENN ELLETSON, an individual; SANDRA ELLETSON, an individual; EMPLOYEE(S)/AGENT(S) DOES 1-10; and ROE CORPORATIONS 11-20, inclusive,<br><br>Defendants. | Case No.<br><br>**PETITION FOR REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT** |

Defendants Pink Spot Vapors Inc., Vegas Casa, LLC, Penn Elletson, and Sandra Elletson ("Defendants"), by and through their counsel of record, the law firm of Howard & Howard Attorneys PLLC, hereby gives notice to Plaintiffs Eric Johnson and Antoinette Dealba, and their counsel of record, Michael Gronich and Michael Beede, and the Court of the removal of the above-referenced civil action from the Eighth Judicial District Court, Clark County,

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

Nevada, pursuant to 28 U.S.C. §§ 1441 and 1446. This removal is based upon federal question jurisdiction. *See* Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, see also 28 U.S.C. §§ 1331. In support of this Petition, Defendants states the following:

1. On or about August 29, 2914, Plaintiff, Eric Johnson, filed a Complaint against Pink Spot Vapors Inc., Vegas Casa, LLC, Penn Elletson, and Sandra Elletson in District Court, Clark County Nevada, entitled *Eric Johnson v. Pink Spot Vapors Inc. et al.*, Case No. A-14-706347-C. (*See* copy of Complaint attached hereto as Exhibit A.)

2. On or about October 23, 2014, Plaintiffs, Eric Johnson and Antoinette Dealba, filed a First Amended Complaint ("FAC") against Pink Spot Vapors Inc., Vegas Casa, LLC, Penn Elletson, and Sandra Elletson in District Court, Clark County Nevada, entitled *Eric Johnson and Antoinette Dealba v. Pink Spot Vapors Inc. et al.*, Case No. A-14-706347-C. (*See* copy of FAC attached hereto as Exhibit B.)

3. The Summons and FAC were served on Pink Spot Vapors on November 4, 2014. Accordingly, this Petition for Removal has been filed within thirty (30) days of Defendants' first receipt of Plaintiffs' FAC. No other Summons or Complaint has been served on Defendants. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1331, and which may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441(b), as it arises under the Fair Labor Standards Act 29 U.S.C. § 203 et seq., and for retaliation pursuant to 29 U.S.C. § 215.

3. Plaintiffs' FAC alleges, *inter alia*, that Defendants violated the Fair Labor Standards Act by failing to pay Plaintiffs overtime. Plaintiffs' FAC also claims that Defendants retaliated against Plaintiff Johnson after he complained about not receiving overtime pay.

**Howard & Howard Attorneys PLLC**
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

4. This Court has supplemental jurisdiction over any potential non-federal claims.

5. The pleadings attached hereto as Exhibits A and B are, to Defendant's knowledge, the only pleadings filed in this case to date. Defendants will provide written notice to counsel for Plaintiffs and will file a copy of their Notice of Removal in Nevada District Court.

6. Venue in this action properly lies before the United States District Court for the District of Nevada because the claims asserted in this action arose in Clark County, Nevada, which is within the District of Nevada.

7. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense or affirmative matter including, without limitation, (1) the defenses of lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) failure to state a claim; or, (6) any other procedural or substantive defense available under state or federal law.

WHEREFORE, Defendant hereby removes this action, Case No. A-14-706347-C, filed in District Court, Clark County Nevada, to the United States District Court for the District of Nevada.

Dated: November 24, 2014

Howard & Howard Attorneys PLLC.

By: /s/ Robert Rosenthal
Robert L. Rosenthal
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
*Pink Spot Vapors Inc., Vegas Casa, LLC, Penn Elletson, and Sandra Elletson*

**Howard & Howard Attorneys PLLC**
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

# CERTIFICATE OF MAILING

I, Barbara Dunn, declare:

I am a citizen of the United States and employed in Las Vegas, Nevada. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3800 Howard Hughes Parkway, Suite 1000, Las Vegas, NV 89101. On November 24, 2014, I served by email a copy of the within document(s): PETITION FOR REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT

by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below:

Jeffrey Gronich, Esq.
Jeffrey Gronich, Attorney at law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104

Michael Beede, Esq.
Law Office of Mike Beede, PLLC
2300 W. Sahara Avenue, Suite 420
Las Vegas, Nevada 89102

Attorneys for Plaintiff

I declare under penalty of perjury under the laws of the State of Nevada that the above is true and correct.

Executed on November 24, 2014 at Las Vegas, Nevada.

B. Dunn
Barbara Dunn

# EXHIBIT A

Electronically Filed
08/29/2014 03:53:46 PM

CLERK OF THE COURT

**COMP**

JEFFREY GRONICH, ATTORNEY AT LAW, P.C.
Jeffrey Gronich, Esq. (#13136)
1810 E. Sahara Ave.
Suite 109
Las Vegas, Nevada 89104
Tel: (702) 430-6896
Fax: (702) 369-1290
jgronich@gronichlaw.com

LAW OFFICE OF MIKE BEEDE, PLLC
Michael Beede, Esq. (#13068)
2300 W. Sahara Ave., Ste. 420
Las Vegas, NV 89102
Tel: (702) 473-8406
Fax: (702) 832-0248
mike@legallv.com

*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| ERIC JOHNSON, an individual, on behalf of himself and all persons similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>PINK SPOT VAPORS INC; VEGAS CASA, LLC; PENN ELLETSON, an individual; SANDRA ELLETSON, an individual; EMPLOYEE(S)/AGENT(S) DOES 1-10; and ROE CORPORATIONS 11-20, inclusive;<br><br>Defendants. | Case No. A-14-706347-C<br>Dept.: XXII<br><br>**COMPLAINT**<br><br>**(JURY DEMAND)** |

## COMPLAINT

COMES NOW Plaintiff Eric Johnson ("Johnson" or "Plaintiff"), by and through his attorneys of record Jeffrey Gronich and Mike Beede, and hereby complains of Defendants Pink Spot Vapors, Inc., Vegas Casa, LLC, Penn Elletson, and Sandra

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

Elletson (collectively "Pink Spot" or "Defendants") as follows:

**PARTIES**

1. At all times relevant, Plaintiff was a resident of the County of Clark, State of Nevada.

2. Plaintiff is informed and believes and thereon alleges that at all times relevant, Defendants Pink Spot Vapors, Inc. and Vegas Casa, LLC were Nevada Companies listed with the Nevada Secretary of State and were doing business in this Judicial District in Clark County, Nevada.

3. Plaintiff is informed and believes and thereon alleges that at all times relevant, Defendants Penn Elletson and Sandra Elletson were residents of, and were doing business in this Judicial District in Clark County, Nevada.

4. Plaintiff is informed and believes and thereon alleges that at all times relevant, Defendants were conducting business as a vendor of electronic cigarettes and paraphernalia related to the sale of electronic cigarettes ("Vape Shop"), at 6485 N. Decatur Blvd., Suite #180, Las Vegas, NV, 89131, in the County of Clark, State of Nevada.

5. At all times relevant, Defendants were Plaintiff's employers as such term is defined in the FLSA 29 U.S.C. §203 *et. seq.* and N.R.S. Chapter 608 *et. seq.* in that they each had custody or control over the Plaintiff, his employment, had responsibility for Plaintiff's labor and employment matters while Plaintiff was employed by them at the time Plaintiff's wages were lawfully due.

6. At all times relevant, Plaintiff was an employee of Defendants as that term is defined 29 U.S.C. §203 *et. seq.* and N.R.S. 608.010, and was not exempt from any minimum wages and overtime provisions of such statutes.

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

7. Based on information and belief, at all relevant times, Defendants were the partners, joint ventures, alter-egos, successor companies, agents, co-conspirators, servants, and employees of each of the other Defendants herein, and were acting at all relevant times within the scope, purpose and authority of said partnership, joint venture, agency, service, employment, and conspiracy, and with the knowledge, consent, permission, acquiescence, and ratification of their co-defendants.

8. The true names and capacities, whether individual, corporate, associate or otherwise of other Defendants hereinafter designated as Does 1-10 and Roe Corporations 11-20, inclusive, who are in some manner responsible for the injuries described herein, who are Plaintiff's employer, are unknown to Plaintiff at this time who therefore sues said Defendants by such fictitious names and will seek leave of the Court to amend this Complaint to show their true names and capacities when ascertained.

9. Plaintiff seeks a jury trial on all issues triable by jury.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b) which states in relevant part that this action may be maintained in any Federal or State court of competent jurisdiction.

11. This Court also has jurisdiction over the Nevada State Law claims.

## FACTUAL ALLEGATIONS

12. Plaintiff repeats and realleges all the allegations contained in Paragraphs 1 through 11 of this Complaint as though fully set forth herein.

13. Plaintiff Eric Johnson began working for Pink Spot Vapors on or about September 1, 2012.

14. Plaintiff's role as an employee was little more than a sales clerk, as his

duties involved keeping tabs on inventory, ringing up sales, and occasionally training other employees.

15. Plaintiff did not make any decisions regarding the products sold, nor did he have the authority to supervise, hire, or fire employees.

16. Plaintiff's compensation agreement called for him to earn a salary of forty-thousand dollars ($40,000.00) per year.

17. Plaintiff was in fact paid in this manner until about March 11, 2013.

18. On or about March 11, 2013, Plaintiff's wages were unilaterally decreased to an hourly wage of sixteen dollars ($16.00) per hour.

19. Plaintiff was not given any prior notice of such decrease in wages.

20. Throughout his entire employment, Plaintiff routinely worked more than forty hours per week.

21. Plaintiff was routinely scheduled to work more than forty hours per week.

22. Despite having worked more than forty hours per week, Pink Spot failed to pay Plaintiff at a rate of one and one-half times his hourly rate for those excess hours.

23. For example, in the week of October 21, 2013, Plaintiff worked a total of forty-eight hours and forty four minutes. Attached hereto under Exhibit I is a copy of Plaintiff's punch card for the week ending on October 27, 2013.

24. However, Plaintiff was only paid for forty hours for the week ending on October 27, 2103. Attached hereto under Exhibit II is a copy of Plaintiff's pay stub for the week ending October 27, 2013.

25. Moreover, Plaintiff was asked to show up to work on days that he was not scheduled.

26. On those days, Plaintiff was instructed not to clock in or out.

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

27. Accordingly, Plaintiff was not credited for the hours he worked on his unscheduled days and he was not paid either his normal rate, or at one and one-half times his normal rate for those hours.

28. On or about January 13, 2014, Plaintiff met with Pink Spot's owners in a formal meeting to discuss Pink Spot's failure to pay his overtime wages.

29. Plaintiff stated that he had researched state and federal wage laws, and he believed that under the law, he should be getting paid at one and one-half times his normal rate for hours worked in excess of forty per week.

30. Pink Spot refused to grant Plaintiff's request for overtime wages.

31. One week later, on or about January 19, 2014, Pink Spot retaliated against Plaintiff by terminating his employment because he had invoked his rights to overtime compensation.

32. Plaintiff was not given his final paycheck on the date he was terminated.

33. Since his termination, Plaintiff has attempted to find gainful employment at other vape shops in the Las Vegas area.

34. However, based on information and belief, Defendants have contacted the other vape shops that Plaintiff has applied to, and requested that those shops not hire Plaintiff.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. §203 *et. seq.***
**AGAINST ALL DEFENDANTS**

35. Plaintiff repeats and realleges all the allegations contained in Paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36. This count arises from Defendants' violation of the 29 U.S.C. §201 *et seq.* for their failure to pay Plaintiff compensation for each hour worked in excess of forty per

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

week.

37. At all material times, Plaintiff was employed by Defendant as an "employee" within the meaning of §203(e)(1) of the FLSA. Plaintiff performed a variety of job duties, labor, services, and responsibilities for Defendants within this judicial district that are subject to the aforesaid provisions of the FLSA. Plaintiff has been an employee of the Defendant, and had performed labor in Defendants' business during the time period pertinent to this Complaint, to wit, during a portion of the three years immediately preceding the initiation of this action.

38. At all material times hereto, Defendants were Plaintiff's "employer" per the FLSA, 29 U.S.C. §203(d). The named Plaintiff brings this first claim for relief pursuant to 29 U.S.C. 216(b) and has consented in writing to join this action. See Exhibit III, Plaintiff's consent to joinder.

39. At all times relevant and during the course of his employment for Defendant, Plaintiff was employed by Defendant and was not exempt from the minimum wage or overtime provisions of the FLSA, 29 U.S.C. §207 *et. seq*.

40. Pursuant to 29 U.S.C. §207, Plaintiff and those similarly situated were entitled to be compensated at a rate of one and one-half times their hourly base pay rate for each hour worked in excess of forty hours per week.

41. Plaintiff was directed by Defendants to work, and did such work in excess of forty hours per week.

42. Defendants did not pay Plaintiff one and one-half times his regular wage for such hours worked in excess of forty hours per week.

43. Defendants did not pay Plaintiff any amount of wages for such hours worked in excess of forty per week.

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

week.

37. At all material times, Plaintiff was employed by Defendant as an "employee" within the meaning of §203(e)(1) of the FLSA. Plaintiff performed a variety of job duties, labor, services, and responsibilities for Defendants within this judicial district that are subject to the aforesaid provisions of the FLSA. Plaintiff has been an employee of the Defendant, and had performed labor in Defendants' business during the time period pertinent to this Complaint, to wit, during a portion of the three years immediately preceding the initiation of this action.

38. At all material times hereto, Defendants were Plaintiff's "employer" per the FLSA, 29 U.S.C. §203(d). The named Plaintiff brings this first claim for relief pursuant to 29 U.S.C. 216(b) 'and has consented in writing to join this action. See Exhibit III, Plaintiff's consent to joinder.

39. At all times relevant and during the course of his employment for Defendant, Plaintiff was employed by Defendant and was not exempt from the minimum wage or overtime provisions of the FLSA, 29 U.S.C. §207 *et. seq.*

40. Pursuant to 29 U.S.C. §207, Plaintiff and those similarly situated were entitled to be compensated at a rate of one and one-half times their hourly base pay rate for each hour worked in excess of forty hours per week.

41. Plaintiff was directed by Defendants to work, and did such work in excess of forty hours per week.

42. Defendants did not pay Plaintiff one and one-half times his regular wage for such hours worked in excess of forty hours per week.

43. Defendants did not pay Plaintiff any amount of wages for such hours worked in excess of forty per week.

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

44. Defendants' failure and refusal to pay Plaintiff his lawful overtime wages violated the FLSA, 29 U.S.C. §207 *et. seq.*

45. Such violations were committed knowingly, intentionally, and/or willfully by the Defendants herein.

46. As a proximate result of Defendants' failure to pay Plaintiff and those similarly situated their lawful wages, Plaintiff and those similarly situated have suffered general, special, and consequential damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

47. Defendants' acts and/or omissions were fraudulent, malicious, or oppressive under NRS 42.005. Pursuant to NRS 42.005 Plaintiff is entitled to an award of punitive damages in excess of Ten Thousand Dollars ($10,000.00).

48. It was necessary for Plaintiff to retain the services of an attorney to file this action which entitles Plaintiff to an award of reasonable attorney's fees and costs in this suit under the FLSA, 29 U.S.C. §216(b).

**COUNT II**
**VIOLATION OF NRS 608.0005 *et. seq.***
**DEFENDANTS PINK SPOT VAPORS INC. AND VEGAS CASA, LLC**

49. Plaintiff repeats and realleges all the allegations contained in Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

50. Plaintiff and Defendants had a contract of employment which provided that Defendants would pay Plaintiff a certain wage.

51. In violation of that agreement, Defendants paid Plaintiff a lower wage than agreed on without first providing written notice.

52. Moreover, NRS 608.018, *et. seq.* which applies to Defendants' business, states that an employee must be paid overtime, equal to 1.5 times the employee's regular

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

rate of pay, for all hours worked in excess of forty (40) hours per week. Defendants' failed to pay Plaintiff his lawful wages in accordance with NRS 608.018, *et. seq.*

53. Additionally, NRS 608.250 *et. seq.* provides that an employee must be paid at least a minimum wage for each hour worked.

54. Plaintiff was not paid any wage for hours worked above 40 per week.

55. Furthermore, Plaintiff was not given his last paycheck on the date of his termination.

56. Pursuant to NRS 608.260, Plaintiff requests an order requiring Defendants to make restitution of all wages due to Plaintiff, in an amount to be proved át trial.

57. As a proximate result of Defendants' failure to pay Plaintiff and those similarly situated their lawful wages, Plaintiff and those similarly situated have suffered general, special, and consequential damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

58. Defendants' acts and/or omissions were fraudulent, malicious, or oppressive under NRS 42.005. Pursuant to NRS 42.005 Plaintiff is entitled to an award of punitive damages in excess of Ten Thousand Dollars ($10,000.00).

59. Plaintiff also requests all available damages under NRS 608.005 *et. seq.* including waiting penalties under NRS 608.040.

60. It was necessary for Plaintiff to retain the services of an attorney to file this action which entitles Plaintiff to an award of reasonable attorney's fees and costs in this suit under NRS 608.140.

**COUNT III**
**RETALIATION UNDER 29 U.S.C. §215 AND NEVADA CONSTITUTION**
**AGAINST ALL DEFENDANTS**

61. Plaintiff hereby realleges and incorporates paragraphs 1 through 60 of

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

this Complaint as though fully set forth herein.

62. Pursuant to 29 U.S.C. §215(a)(3), it is a violation of the Fair Labor Standards Act for any person to discharge or to discriminate in any other manner or to retaliate against any employee who has made a complaint under the Fair Labor Standards Act.

63. Pursuant to 29 U.S.C. §216(b), any employer who violates the provisions of 29 U.S.C. §215(a)(3) shall be subjected to such equitable relief as appropriate.

64. Additionally, Article 15, Section 16, subpart "B" of the Nevada Constitution provides, in pertinent part, that "An employer shall not discharge, reduce the compensation of or otherwise discriminate against any employee for using any civil remedies to enforce this section [of Nevada's Constitution requiring the payment of minimum wages to employees]."

65. As detailed more fully hereinabove, Plaintiff made a complaint to his employer regarding their failure to pay his legal overtime wages.

66. Further, Plaintiff made a complaint to his employer that he did not receive any wages for hours worked in excess of forty per week.

67. Such complaint constitutes a complaint under the Fair Labor Standards Act and the Nevada Constitution.

68. Defendants thereafter retaliated against Plaintiff by discharging him from employment.

69. Such action by Defendants was in retaliation for Plaintiff's assertion of his statutory rights in violation of 29 U.S.C. §215(a)(3) and the Nevada Constitution.

70. As a proximate result of Defendants' unlawful discharge of Plaintiff's employment, Plaintiff has suffered general, special, and consequential damages in an

amount in excess of Ten Thousand Dollars ($10,000.00).

71. Defendants' acts and/or omissions were fraudulent, malicious, or oppressive under NRS 42.005. Pursuant to NRS 42.005 Plaintiff is entitled to an award of punitive damages in excess of Ten Thousand Dollars ($10,000.00).

72. It was necessary for Plaintiff to retain the services of an attorney to file this action which entitles Plaintiff to an award of reasonable attorney's fees and costs in this suit under the FLSA, 29 U.S.C. §216(b).

**COUNT IV**
**BLACKLISTING NRS 613.210**
**AGAINST ALL DEFENDANTS**

73. Plaintiff hereby realleges and incorporates paragraphs 1 through 72 of this Complaint as though fully set forth herein

74. As more fully set forth hereinabove, after Plaintiff was discharged from his employment with Defendants, he attempted to obtain employment at other vape shops in the Clark County area.

75. However, Defendants contacted those other vape shops and requested that such vape shops not offer Plaintiff employment

76. Such action by Defendants had the effect of creating a "blacklist" against Plaintiff and preventing him from obtaining employment with a different employer.

77. Such action is in violation of NRS 613.210 which expressly prohibits a former employer from blacklisting a former employee with the intent to prevent that former employee from obtaining employment.

78. As a proximate result of Defendants' unlawful acts, Plaintiff has suffered general, special, and consequential damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

79. Defendants' acts and/or omissions were fraudulent, malicious, or oppressive under NRS 42.005. Pursuant to NRS 42.005 Plaintiff is entitled to an award of punitive damages in excess of Ten Thousand Dollars ($10,000.00).

80. It was necessary for Plaintiff to retain the services of an attorney to file this action which entitles Plaintiff to an award of reasonable attorney's fees and costs in this suit..

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

1. For compensatory damages in excess of $10,000.00;
2. For liquidated damaged under the FLSA in excess of $10,000.00
3. For an award of punitive damages in excess of $10,000.00;
4. For injunctive relief;
5. For declaratory relief;
6. For attorneys' fees and costs incurred in this action; and
7. For such other additional relief as the Court deems just and proper.

Dated this 29th day of August, 2014.

Respectfully submitted,

By: [signature]
Jeffrey Gronich, Esq.
Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave.
Suite 109
Las Vegas, NV 89104
Tel (702) 430-6896
Fax (702) 369-1290

# EXHIBIT I

No.

Eric Johnson

10 · 27th 13

WEEK ENDING

| | Day | |
|---|---|---|
| In | Monday | |
| Out | | |
| In | | |
| Out | | |
| In | Tuesday | '13OCT22 9:09AM |
| Out | | |
| In | | '13OCT22 8:28PM |
| Out | | |
| In | Wednesday | '13OCT23 9:07AM |
| Out | | |
| In | | |
| Out | | '13OCT23 9:04PM |
| In | Thursday | |
| Out | | |
| In | | '13OCT24 10:30PM |
| Out | | [illegible] |
| In | | |
| Out | | |
| In | | |
| Out | | |
| In | | '13OCT26 3:14PM |
| Out | | |
| In | | |
| Out | | [illegible] |
| In | | [illegible] |
| Out | | |
| In | | |
| Out | | '13OCT27 [illegible] |

# EXHIBIT II

| Company Code | Number | Page |
|---|---|---|
| RQ / R2P 20701493 | 1072005 | 1 of 1 |

Pink Spot Vapors Inc
6485 N Decatur Blvd Ste 180
Las Vegas, NV 89131

# Earnings Statement

Period Starting: 10/21/2013
Period Ending: 10/27/2013
Pay Date: 11/01/2013

Taxable Marital Status: Single
Exemptions/Allowances:
Federal: 0
State: 0
Local: 0
Tax Override:
Federal:
State:
Local:
Social Security Number: XXX-XX-2593

Eric Johnson
698 S Racetrack Rd
Unit 323
Henderson, NV 89015

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 16.0000 | 40.00 | 640.00 | 27094.00 |
| Gross Pay | | | $640.00 | $27,094.00 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -79.34 | 3433.84 |
| Social Security | -38.96 | 1660.51 |
| Medicare | -9.12 | 388.35 |

| Voluntary Deductions | this period | year to date |
|---|---|---|
| *Medical pre-tax 1 | -11.54 | 311.58 |
| Miscellaneous | 0.00 | 46.20 |
| Net Pay | $501.04 | |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| ER-Sponsored Healthcare | 12.69 | 367.55 |

Deposits

| account number | transit/ABA | amount |
|---|---|---|
| XXXXXX6650 | XXXXXXXXX | 501.04 |

Your federal taxable wages this period are $628.46
* Excluded from Federal taxable wages

Pink Spot Vapors Inc
6485 N Decatur Blvd Ste 180
Las Vegas, NV 89131

Pay Date: 11/01/2013

| Deposited to the account | account number | transit/ABA | amount |
|---|---|---|---|
| Checking DirectDeposit | XXXXXX6650 | XXXXXXXXX | 501.04 |

THIS IS NOT A CHECK

Eric Johnson
698 S Racetrack Rd
Unit 323
Henderson, NV 89015

# EXHIBIT III

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

**CONSENT TO JOINDER**

The Undersigned hereby consents to join this action under the FLSA, 29 U.S.C. 216(b)

[signature] 08/23/2014

Signature Date

Eric J. Johnson

Printed Name

IAFD

JEFFREY GRONICH, ATTORNEY AT LAW, P.C.
Jeffrey Gronich, Esq. (#13136)
1810 E. Sahara Ave.
Suite 109
Las Vegas, Nevada 89104
Tel: (702) 430-6896
Fax: (702) 369-1290
jgronich@gronichlaw.com

LAW OFFICE OF MIKE BEEDE, PLLC
Michael Beede, Esq. (#13068)
2300 W. Sahara Ave., Ste. 420
Las Vegas, NV 89102
Tel: (702) 473-8406
Fax: (702) 832-0248
mike@legallv.com

*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| ERIC JOHNSON, an individual, on behalf of himself and all persons similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>PINK SPOT VAPORS INC; VEGAS CASA, LLC; PENN ELLETSON, an individual; SANDRA ELLETSON, an individual; EMPLOYEE(S)/AGENT(S) DOES 1-10; and ROE CORPORATIONS 11-20, inclusive;<br><br>Defendants. | Case No.<br>Dept.:<br><br>**INITIAL APPEARANCE FEE DISCLOSURE** |

Pursuant to NRS Chapter 19, filing fees are submitted for parties appearing in the above-captioned action as indicated below:

| | |
|---|---|
| Eric Johnson, Plaintiff | $270.00 |
| TOTAL REMITTED | $270.00 |

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

Dated this 29th day of August 2014

Respectfully submitted,

By: [signature]

Jeffrey Gronich, Esq.
Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave.
Suite 109
Las Vegas, NV 89104
Tel (702) 430-6896
Fax (702) 369-1290

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

SUMM
JEFFREY GRONICH, ATTORNEY AT LAW, P.C.
Jeffrey Gronich, Esq. (#13136)
1810 E. Sahara Ave.
Suite 109
Las Vegas, Nevada 89104
Tel: (702) 430-6896
Fax: (702) 369-1290
jgronich@gronichlaw.com

LAW OFFICE OF MIKE BEEDE, PLLC
Michael Beede, Esq. (#13068)
2300 W. Sahara Ave., Ste. 420
Las Vegas, NV 89102
Tel: (702) 473-8406
Fax: (702) 832-0248
mike@legallv.com

*Attorneys for Plaintiff*

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

ERIC JOHNSON, an individual; ANTOINETTE DEALBA, an individual; on behalf of themselves and all persons similarly situated;

Plaintiffs,

vs.

PINK SPOT VAPORS INC; VEGAS CASA, LLC; PENN ELLETSON, an individual; SANDRA ELLETSON, an individual; EMPLOYEE(S)/AGENT(S) DOES 1-10; and ROE CORPORATIONS 11-20, inclusive;

Defendants.

Case No. A-14-706347-C
Dept.: XXII

**SUMMONS**

**SUMMONS - CIVIL**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

A-14-706347-C

XXII

# DISTRICT COURT CIVIL COVER SHEET

Clark County, Nevada

Case No. (Assigned by Clerk's Office)

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| Eric Johnson, an individual, | Pink Spot Vapors Inc; |
| on behalf of himself and all other persons similarly situated | Vegas Casa, LLC; |
| c/o Jeffrey Gronich, Attorney at Law, P.C. | Penn Elletson, an individual; |
| | Sandra Elletson |
| Attorney (name/address/phone): | Attorney (name/address/phone): |
| Jeffrey Gronich, Esq. (#13136) | |
| Jeffrey Gronich, Attorney at Law, P.C. | |
| 1810 E. Sahara Ave, Suite 109, Las Vegas, NV 89104 | |
| (702) 430-6896 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

**Real Property**

**Landlord/Tenant**
- ☐ Unlawful Detainer
- ☐ Other Landlord/Tenant

**Title to Property**
- ☐ Judicial Foreclosure
- ☐ Other Title to Property

**Other Real Property**
- ☐ Condemnation/Eminent Domain
- ☐ Other Real Property

**Torts**

**Negligence**
- ☐ Auto
- ☐ Premises Liability
- ☐ Other Negligence

**Malpractice**
- ☐ Medical/Dental
- ☐ Legal
- ☐ Accounting
- ☐ Other Malpractice

**Other Torts**
- ☐ Product Liability
- ☐ Intentional Misconduct
- ☒ Employment Tort
- ☐ Insurance Tort
- ☐ Other Tort

**Probate**

**Probate** *(select case type and estate value)*
- ☐ Summary Administration
- ☐ General Administration
- ☐ Special Administration
- ☐ Set Aside
- ☐ Trust/Conservatorship
- ☐ Other Probate

**Estate Value**
- ☐ Over $200,000
- ☐ Between $100,000 and $200,000
- ☐ Under $100,000 or Unknown
- ☐ Under $2,500

**Construction Defect & Contract**

**Construction Defect**
- ☐ Chapter 40
- ☐ Other Construction Defect

**Contract Case**
- ☐ Uniform Commercial Code
- ☐ Building and Construction
- ☐ Insurance Carrier
- ☐ Commercial Instrument
- ☐ Collection of Accounts
- ☐ Employment Contract
- ☐ Other Contract

**Judicial Review/Appeal**

**Judicial Review**
- ☐ Foreclosure Mediation Case
- ☐ Petition to Seal Records
- ☐ Mental Competency

**Nevada State Agency Appeal**
- ☐ Department of Motor Vehicle
- ☐ Worker's Compensation
- ☐ Other Nevada State Agency

**Appeal Other**
- ☐ Appeal from Lower Court
- ☐ Other Judicial Review/Appeal

**Civil Writ**

**Civil Writ**
- ☐ Writ of Habeas Corpus
- ☐ Writ of Mandamus
- ☐ Writ of Quo Warrant
- ☐ Writ of Prohibition
- ☐ Other Civil Writ

**Other Civil Filing**

**Other Civil Filing**
- ☐ Compromise of Minor's Claim
- ☐ Foreign Judgment
- ☐ Other Civil Matters

***Business Court filings should be filed using the Business Court civil coversheet.***

8/29/2014
Date

[signature]
Signature of initiating party or representative

*See other side for family-related case filings.*

# EXHIBIT B

Electronically Filed
10/23/2014 04:15:35 PM

CLERK OF THE COURT

**ACOM**
JEFFREY GRONICH, ATTORNEY AT LAW, P.C.
Jeffrey Gronich, Esq. (#13136)
1810 E. Sahara Ave.
Suite 109
Las Vegas, Nevada 89104
Tel: (702) 430-6896
Fax: (702) 369-1290
jgronich@gronichlaw.com

LAW OFFICE OF MIKE BEEDE, PLLC
Michael Beede, Esq. (#13068)
2300 W. Sahara Ave., Ste. 420
Las Vegas, NV 89102
Tel: (702) 473-8406
Fax: (702) 832-0248
mike@legallv.com

*Attorneys for Plaintiff*

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

ERIC JOHNSON, an individual; ANTOINETTE DEALBA, an individual; on behalf of themselves and all persons similarly situated;

Plaintiffs,

vs.

PINK SPOT VAPORS INC; VEGAS CASA, LLC; PENN ELLETSON, an individual; SANDRA ELLETSON, an individual; EMPLOYEE(S)/AGENT(S) DOES 1-10; and ROE CORPORATIONS 11-20, inclusive;

Defendants.

Case No. A-14-706347-C
Dept.: XXII

**FIRST AMENDED COMPLAINT**

**(JURY DEMAND)**

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiffs Eric Johnson, an individual ("Johnson") and Antoinette DeAlba, an individual ("DeAlba")(collectively "Plaintiffs"), by and through their attorneys of record Jeffrey Gronich and Mike Beede, and hereby complains of Defendants Pink

Spot Vapors, Inc., Vegas Casa, LLC, Penn Elletson, and Sandra Elletson (collectively "Pink Spot" or "Defendants") as follows:

## PARTIES

1. At all times relevant, Plaintiff Jonson was a resident of the County of Clark, State of Nevada.

2. At all times relevant, Plaintiff DeAlba was a resident of the County of Clark, State of Nevada.

3. Plaintiffs are informed and believe and thereon allege that at all times relevant, Defendants Pink Spot Vapors, Inc. and Vegas Casa, LLC were Nevada Companies listed with the Nevada Secretary of State and were doing business in this Judicial District in Clark County, Nevada.

4. Plaintiffs are informed and believe and thereon allege that at all times relevant, Defendants Penn Elletson and Sandra Elletson were residents of, and were doing business in this Judicial District in Clark County, Nevada.

5. Plaintiffs are informed and believe and thereon allege that at all times relevant, Defendants were conducting business as a vendor of electronic cigarettes and paraphernalia related to the sale of electronic cigarettes ("Vape Shop"), at 6485 N. Decatur Blvd., Suite #180, Las Vegas, NV, 89131, in the County of Clark, State of Nevada.

6. At all times relevant, Defendants were Plaintiffs' employers as such term is defined in the FLSA 29 U.S.C. §203 *et. seq.* and N.R.S. Chapter 608 *et. seq.* in that they each had custody or control over the Plaintiffs, their employment, had responsibility for Plaintiffs' labor and employment matters while Plaintiffs were employed by them at the time Plaintiffs' wages were lawfully due.

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

7. At all times relevant, Plaintiffs were employees of Defendants as that term is defined 29 U.S.C. §203 *et. seq.* and N.R.S. 608.010, and were not exempt from any minimum wages and overtime provisions of such statutes.

8. At all times relevant, the named corporate Defendants herein did business as "Pink Spot Vapors" in the State of Nevada, Clark County, were licensed to do business in this jurisdiction, and were an "enterprise" as that term is defined in Section 3(r)(1) of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA"). More specifically, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, in that Defendants has engaged in annual gross volume of sales made or business done in excess of the $500,000.00 minimum threshold requirement of the FLSA, exclusive of excise taxes.

9. At all times relevant, the individual named Defendants were individuals residing in Clark County and were Plaintiffs' employers as defined in the FLSA 29 U.S.C. §203(d), and N.R.S. 608.011 in that they had custody or control over the Plaintiffs, their employment, had responsibility for Plaintiffs' labor and employment matters while Plaintiffs were employed by them at the time Plaintiffs' wages were lawfully due.

10. Based on information and belief, at all relevant times, Defendants were the partners, joint ventures, alter-egos, successor companies, agents, co-conspirators, servants, and employees of each of the other Defendants herein, and were acting at all relevant times within the scope, purpose and authority of said partnership, joint venture, agency, service, employment, and conspiracy, and with the knowledge, consent, permission, acquiescence, and ratification of their co-defendants.

11. The true names and capacities, whether individual, corporate, associate or otherwise of other Defendants hereinafter designated as Does 1-10 and Roe

Corporations 11-20, inclusive, who are in some manner responsible for the injuries described herein, who are Plaintiffs' employer, are unknown to Plaintiffs at this time who therefore sues said Defendants by such fictitious names and will seek leave of the Court to amend this Complaint to show their true names and capacities when ascertained.

12. Plaintiffs seek a jury trial on all issues triable by jury.

**JURISDICTION AND VENUE**

13. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. §216(b) which states in relevant part that this action may be maintained in any Federal or State court of competent jurisdiction.

14. This Court also has jurisdiction over the Nevada State Law claims.

**FACTUAL ALLEGATIONS**

15. Plaintiffs repeat and reallege all the allegations contained in Paragraphs 1 through 14 of this Complaint as though fully set forth herein.

16. Plaintiff Eric Johnson began working for Pink Spot Vapors on or about September 1, 2012.

17. Johnson's role as an employee was little more than a sales clerk, as his duties involved keeping tabs on inventory, ringing up sales, and occasionally training other employees.

18. Johnson did not make any decisions regarding the products sold, nor did he have the authority to supervise, hire, or fire employees.

19. Johnson's compensation agreement called for him to earn a salary of forty-thousand dollars ($40,000.00) per year.

20. Johnson was in fact paid in this manner until about March 11, 2013.

21. On or about March 11, 2013, Johnson's wages were unilaterally decreased

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

to an hourly wage of sixteen dollars ($16.00) per hour.

22.   Johnson was not given any prior notice of such decrease in wages.

23.   Plaintiff DeAlba began working for Pink Spot Vapors on or about February 21, 2013 as a sales clerk.

24.   Throughout their entire employment, Plaintiffs routinely worked more than forty hours per week.

25.   Plaintiffs were also routinely scheduled to work more than forty hours per week.

26.   Despite having worked more than forty hours per week, Pink Spot failed to pay Plaintiffs at a rate of one and one-half times their hourly rate for those excess hours.

27.   For example, in the week of October 21, 2013, Plaintiff Johnson worked a total of forty-eight hours and forty four minutes. Attached hereto under Exhibit I is a copy of Johnson's punch card for the week ending on October 27, 2013.

28.   However, Johnson was only paid for forty hours for the week ending on October 27, 2103. Attached hereto under Exhibit II is a copy of Johnson's pay stub for the week ending October 27, 2013.

29.   Plaintiff DeAlba routinely was told to stay between fifteen minutes to an hour after her shift had ended, resulting in her working more than eight hours per day and forty hours per week.

30.   However, DeAlba's paycheck reflected that she worked only forty hours per week, despite having actually worked more than forty hours.

31.   Moreover, Plaintiff Johnson was asked to show up to work on days that he was not scheduled.

32.   On those days, Johnson was instructed not to clock in or out.

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

33. Accordingly, Johnson was not credited for the hours he worked on his unscheduled days and he was not paid either his normal rate, or at one and one-half times his normal rate for those hours.

34. The experience described in paragraphs 24-33, *supra* is illustrative of the same treatment all other employees at Pink Spot received throughout their employment with regard to non-payment of overtime wages.

35. On or about January 13, 2014, Johnson met with Pink Spot's owners in a formal meeting to discuss Pink Spot's failure to pay his overtime wages.

36. Johnson stated that he had researched state and federal wage laws, and he believed that under the law, he should be getting paid at one and one-half times his normal rate for hours worked in excess of forty per week.

37. Pink Spot refused to grant Johnson's request for overtime wages.

38. One week later, on or about January 19, 2014, Pink Spot retaliated against Johnson by terminating his employment because he had invoked his rights to overtime compensation.

39. Johnson was not given his final paycheck on the date he was terminated.

40. Since his termination, Johnson has attempted to find gainful employment at other vape shops in the Las Vegas area.

41. However, based on information and belief, Defendants have contacted the other vape shops that Johnson has applied to, and requested that those shops not hire Johnson.

///

///

///

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. §203 *et. seq.***
**NAMED PLAINTIFFS ON BEHALF OF ALL PERSONS SIMILARLY SITUATED**
**AGAINST ALL DEFENDANTS**

42. Plaintiffs repeat and reallege all the allegations contained in Paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43. This count arises from Defendants' violation of the 29 U.S.C. §201 *et seq.* for their failure to pay Plaintiffs and those persons similarly situated compensation for each hour worked in excess of forty per week.

44. At all material times, Plaintiffs were employed by Defendants as "employees" within the meaning of §203(e)(1) of the FLSA. Plaintiffs performed a variety of job duties, labor, services, and responsibilities for Defendants within this judicial district that are subject to the aforesaid provisions of the FLSA. Plaintiffs were employees of the Defendants, and had performed labor in Defendants' business during the time period pertinent to this Complaint, to wit, during a portion of the three years immediately preceding the initiation of this action.

45. At all material times hereto, Defendants were Plaintiffs' "employer" per the FLSA, 29 U.S.C. §203(d). The named Plaintiffs bring this first claim for relief pursuant to 29 U.S.C. 216(b) and has consented in writing to join this action. *See* Exhibit III, Plaintiffs' consent to joinder.

46. At all times relevant and during the course of their employment for Defendants, Plaintiffs were employed by Defendants and were not exempt from the minimum wage or overtime provisions of the FLSA, 29 U.S.C. §207 *et. seq.*

47. Pursuant to 29 U.S.C. §207, Plaintiffs and those similarly situated were entitled to be compensated at a rate of one and one-half times their hourly base pay

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

rate for each hour worked in excess of forty hours per week.

48. Plaintiffs and those similarly situated were directed by Defendants to work, and did such work in excess of forty hours per week.

49. Defendants did not pay Plaintiffs and those similarly situated one and one-half times their regular wage for such hours worked in excess of forty hours per week.

50. Defendants did not pay Plaintiffs and those similarly situated any amount of wages for such hours worked in excess of forty per week.

51. Defendants' failure and refusal to pay Plaintiffs and those similarly situated lawful overtime wages violated the FLSA, 29 U.S.C. §207 *et. seq.*

52. Such violations were committed knowingly, intentionally, and/or willfully by the Defendants herein.

53. As a proximate result of Defendants' failure to pay Plaintiffs and those similarly situated their lawful wages, Plaintiffs and those similarly situated have suffered general, special, and consequential damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

54. Defendants' acts and/or omissions were fraudulent, malicious, or oppressive under NRS 42.005. Pursuant to NRS 42.005 Plaintiffs are entitled to an award of punitive damages in excess of Ten Thousand Dollars ($10,000.00).

55. It was necessary for Plaintiffs to retain the services of an attorney to file this action which entitles Plaintiffs to an award of reasonable attorney's fees and costs in this suit under the FLSA, 29 U.S.C. §216(b).

**COUNT II**
**VIOLATION OF NRS 608.0005 *et. seq.***
**NAMED PLAINTIFFS ON BEHALF OF ALL PERSONS SIMILARLY SITUATED AGAINST DEFENDANTS PINK SPOT VAPORS INC. AND VEGAS CASA, LLC**

56. Plaintiffs repeat and reallege all the allegations contained in Paragraphs 1

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

through 55 of this Complaint as though fully set forth herein.

57. Plaintiff Johnson and Defendants had a contract of employment which provided that Defendants would pay Johnson a certain wage.

58. In violation of that agreement, Defendants paid Johnson a lower wage than agreed on without first providing written notice.

59. Moreover, NRS 608.018, *et. seq.* which applies to Defendants' business, states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Defendants' failed to pay Plaintiffs and those similarly situated their lawful wages in accordance with NRS 608.018, *et. seq.*

60. Additionally, NRS 608.250 *et. seq.* provides that an employee must be paid at least a minimum wage for each hour worked.

61. Plaintiffs and those similarly situated were not paid any wage for hours worked above 40 per week.

62. Furthermore, Plaintiff Johnson was not given his last paycheck on the date of his termination.

63. Pursuant to NRS 608.260, Plaintiffs request an order requiring Defendants to make restitution of all wages due to Plaintiffs and those similarly situated, in an amount to be proved at trial.

64. As a proximate result of Defendants' failure to pay Plaintiffs and those similarly situated their lawful wages, Plaintiffs and those similarly situated have suffered general, special, and consequential damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

65. Defendants' acts and/or omissions were fraudulent, malicious, or

oppressive under NRS 42.005. Pursuant to NRS 42.005 Plaintiffs are entitled to an award of punitive damages in excess of Ten Thousand Dollars ($10,000.00).

66. Plaintiffs also request all available damages under NRS 608.005 *et. seq.* including waiting penalties under NRS 608.040.

67. It was necessary for Plaintiffs to retain the services of an attorney to file this action which entitles Plaintiffs to an award of reasonable attorney's fees and costs in this suit under NRS 608.140.

**COUNT III**
**RETALIATION UNDER 29 U.S.C. §215 AND NEVADA CONSTITUTION**
**PLAINTIFF JOHNSON AGAINST ALL DEFENDANTS**

68. Plaintiffs hereby reallege and incorporate paragraphs 1 through 67 of this Complaint as though fully set forth herein.

69. Pursuant to 29 U.S.C. §215(a)(3), it is a violation of the Fair Labor Standards Act for any person to discharge or to discriminate in any other manner or to retaliate against any employee who has made a complaint under the Fair Labor Standards Act.

70. Pursuant to 29 U.S.C. §216(b), any employer who violates the provisions of 29 U.S.C. §215(a)(3) shall be subjected to such equitable relief as appropriate.

71. Additionally, Article 15, Section 16, subpart "B" of the Nevada Constitution provides, in pertinent part, that "An employer shall not discharge, reduce the compensation of or otherwise discriminate against any employee for using any civil remedies to enforce this section [of Nevada's Constitution requiring the payment of minimum wages to employees]."

72. As detailed more fully hereinabove, Plaintiff Johnson made a complaint to his employer regarding their failure to pay his legal overtime wages.

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

73. Further, Johnson made a complaint to his employer that he did not receive any wages for hours worked in excess of forty per week.

74. Such complaint constitutes a complaint under the Fair Labor Standards Act and the Nevada Constitution.

75. Defendants thereafter retaliated against Johnson by discharging him from employment.

76. Such action by Defendants was in retaliation for Johnson's assertion of his statutory rights in violation of 29 U.S.C. §215(a)(3) and the Nevada Constitution.

77. As a proximate result of Defendants' unlawful discharge of Johnson's employment, Johnson has suffered general, special, and consequential damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

78. Defendants' acts and/or omissions were fraudulent, malicious, or oppressive under NRS 42.005. Pursuant to NRS 42.005 Johnson is entitled to an award of punitive damages in excess of Ten Thousand Dollars ($10,000.00).

79. It was necessary for Johnson to retain the services of an attorney to file this action which entitles Johnson to an award of reasonable attorney's fees and costs in this suit under the FLSA, 29 U.S.C. §216(b).

**COUNT IV**
**BLACKLISTING NRS 613.210**
**PLAINTIFF JOHNSON AGAINST ALL DEFENDANTS**

80. Plaintiffs hereby reallege and incorporate paragraphs 1 through 79 of this Complaint as though fully set forth herein

81. As more fully set forth hereinabove, after Plaintiff Johnson was discharged from his employment with Defendants, he attempted to obtain employment at other vape shops in the Clark County area.

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

82. However, Defendants contacted those other vape shops and requested that such vape shops not offer Johnson employment

83. Such action by Defendants had the effect of creating a "blacklist" against Johnson and preventing him from obtaining employment with a different employer.

84. Such action is in violation of NRS 613.210 which expressly prohibits a former employer from blacklisting a former employee with the intent to prevent that former employee from obtaining employment.

85. As a proximate result of Defendants' unlawful acts, Johnson has suffered general, special, and consequential damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

86. Defendants' acts and/or omissions were fraudulent, malicious, or oppressive under NRS 42.005. Pursuant to NRS 42.005 Johnson is entitled to an award of punitive damages in excess of Ten Thousand Dollars ($10,000.00).

87. It was necessary for Johnson to retain the services of an attorney to file this action which entitles Johnson to an award of reasonable attorney's fees and costs in this suit.

**WHEREFORE**, Plaintiffs pray for a judgment against Defendants as follows:

1. For compensatory damages in excess of $10,000.00;
2. For liquidated damaged under the FLSA in excess of $10,000.00
3. For an award of punitive damages in excess of $10,000.00;
4. For injunctive relief;
5. For declaratory relief;
6. For attorneys' fees and costs incurred in this action; and

///

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

7. For such other additional relief as the Court deems just and proper.

Dated this 23rd day of October, 2014.

Respectfully submitted,

By: [signature]
Jeffrey Gronich, Esq.
Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave.
Suite 109
Las Vegas, NV 89104
Tel (702) 430-6896
Fax (702) 369-1290

# EXHIBIT I

No.
NAME
WEEK ENDING
In
Out
In
Out
In
Out
In
Out
In
Out
In
Out
OCT 22
OCT 22
OCT 23

# EXHIBIT II

Company Code RQ / R2P 20701493
Number 1072005
Page 1 of 1

Pink Spot Vapors Inc
6485 N Decatur Blvd Ste 180
Las Vegas, NV 89131

# Earnings Statement

ADP

Period Starting: 10/21/2013
Period Ending: 10/27/2013
Pay Date: 11/01/2013

Taxable Marital Status: Single
Exemptions/Allowances:
Federal: 0
State: 0
Local: 0
Social Security Number: XXX-XX-2593

Tax Override:
Federal:
State:
Local:

Eric Johnson
698 S Racetrack Rd
Unit 323
Henderson, NV 89015

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 16.0000 | 40.00 | 640.00 | 27094.00 |
| Gross Pay | | | $640.00 | $27,094.00 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -79.34 | 3433.84 |
| Social Security | -38.96 | 1660.51 |
| Medicare | -9.12 | 388.35 |

| Voluntary Deductions | this period | year to date |
|---|---|---|
| *Medical pre-tax 1 | -11.54 | 311.58 |
| Miscellaneous | 0.00 | 46.20 |
| Net Pay | $501.04 | |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| ER-Sponsored Healthcare | 12.69 | 367.55 |

Deposits

| account number | transit/ABA | amount |
|---|---|---|
| XXXXXX6650 | XXXXXXXXX | 501.04 |

Your federal taxable wages this period are $628.46
* Excluded from Federal taxable wages

Pink Spot Vapors Inc
6485 N Decatur Blvd Ste 180
Las Vegas, NV 89131

Pay Date: 11/01/2013

| Deposited to the account | account number | transit/ABA | amount |
|---|---|---|---|
| Checking DirectDeposit | XXXXXX6650 | XXXXXXXXX | 501.04 |

THIS IS NOT A CHECK

Eric Johnson
698 S Racetrack Rd
Unit 323
Henderson, NV 89015

# EXHIBIT III

**CONSENT TO JOINDER**

The Undersigned hereby consents to join this action under the FLSA, 29 U.S.C. 216(b)

Signature

08/28/2014
Date

Eric J. Johnson
Printed Name

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

**CONSENT TO JOINDER**

The Undersigned hereby consents to join this action under the FLSA, 29 U.S.C. 216(b)

[signature]
Signature

10-1-14
Date

Antoinette De Alba
Printed Name

**IAFD**

JEFFREY GRONICH, ATTORNEY AT LAW, P.C.
Jeffrey Gronich, Esq. (#13136)
1810 E. Sahara Ave.
Suite 109
Las Vegas, Nevada 89104
Tel: (702) 430-6896
Fax: (702) 369-1290
jgronich@gronichlaw.com

LAW OFFICE OF MIKE BEEDE, PLLC
Michael Beede, Esq. (#13068)
2300 W. Sahara Ave., Ste. 420
Las Vegas, NV 89102
Tel: (702) 473-8406
Fax: (702) 832-0248
mike@legallv.com

*Attorneys for Plaintiff*

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

ERIC JOHNSON, an individual; ANTOINETTE DEALBA, an individual; on behalf of themselves and all persons similarly situated;

Plaintiffs,

vs.

PINK SPOT VAPORS INC; VEGAS CASA, LLC; PENN ELLETSON, an individual; SANDRA ELLETSON, an individual; EMPLOYEE(S)/AGENT(S) DOES 1-10; and ROE CORPORATIONS 11-20, inclusive;

Defendants.

Case No. A-14-706347-C
Dept.: XXII

**INITIAL APPEARANCE FEE DISCLOSURE**

Pursuant to NRS Chapter 19, filing fees are submitted for parties appearing in the above-captioned action as indicated below:

Antoinette DeAlba, Plaintiff $30.00

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 369-1290

TOTAL REMITTED $30.00

Dated this 23rd day of October 2014

Respectfully submitted,

By: [signature]

Jeffrey Gronich, Esq.
Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave.
Suite 109
Las Vegas, NV 89104
Tel (702) 430-6896
Fax (702) 369-1290