UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERIC JOHNSON, et al., | Case No. 2:14-CV-1960 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| PINK SPOT VAPORS INC., et al., | |
| Defendant(s). | |

Presently before the court is a partial motion to dismiss filed by defendants Pink Spot Vapors Inc., Vegas Casa, LLC, Penn Elletson, and Sandra Elletson (hereinafter "defendants"). (Doc. # 2). Plaintiffs Eric Johnson and Antoinette DeAlba (hereinafter "plaintiffs") filed a response, (doc. # 8), and defendants filed a reply, (doc. # 11).

**I. Background**

This case arises out of the employment of plaintiffs Eric Johnson and Antoinette DeAlba at Pink Spot Vapors (hereinafter "Pink Spot"), a defendant in this action. (Doc. # 1). Johnson began working as a sales clerk at Pink Spot on or about September 1, 2012. (*Id.*). DeAlba was also employed as a sales clerk and began working on or about February 21, 2013. (*Id.*). Johnson had an employment contract with Pink Spot, which set a salary of $40,000 per year. (*Id.*). On or about March 11, 2013, Pink Spot unilaterally changed his compensation to an hourly wage of $16.00 per hour. (*Id.*).

Both plaintiffs were allegedly scheduled to work more than forty hours per week and routinely worked more than forty hours per week. (*Id.*). During such weeks, defendants allegedly paid plaintiffs for only forty hours of work, denying them any compensation for their additional hours. (*Id.*).

**James C. Mahan**
**U.S. District Judge**

Johnson met with Pink Spot's owners on or about January 13, 2014, and stated that he should receive one and one-half times his normal wage for hours worked in excess of forty hours per week. (*Id.*). On January 19, 2014, Pink Spot terminated him. Johnson did not receive his final paycheck. (*Id.*). Additionally, he was not able to find employment at similar local shops. Johnson believes defendants contacted these shops and requested that they not hire him. (*Id.*).

Plaintiffs filed a complaint on behalf of themselves and all persons similarly situated on October 23, 2014. (*Id.*). Defendants then removed the instant action to federal court.

Plaintiffs' complaint asserts four causes of action: (1) violation of the Fair Labor Standards Act, 29 U.S.C. § 203 *et seq.*; (2) multiple violations of NRS § 608.0005 *et seq.*; (3) retaliation in violation of 29 U.S.C. § 215 and the Nevada Constitution (against plaintiff Johnson only); and (4) blacklisting in violation of NRS § 613.210 (against plaintiff Johnson only). (Doc. # 1).

Defendants now move to dismiss plaintiffs' first and second causes of action and plaintiff Johnson's fourth cause of action for failure to state a claim upon which relief can be granted. (Doc. # 2). Defendants also move to dismiss plaintiff Johnson's third cause of action in part. (*Id.*).

**II. Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly,* 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (citation omitted).

**James C. Mahan**
**U.S. District Judge**

- 2 -

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly,* 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

**III. Discussion**

Defendants seek dismissal of four claims in plaintiffs' complaint. The merits of each claim will be addressed in turn.

**A. Fair Labor Standards Act**

Defendants first ask the court to dismiss plaintiffs' claims that defendants violated the Fair Labor Standards Act by not appropriately compensating them for alleged overtime hours worked. FLSA provides that employers must pay employees who work in excess of forty hours

James C. Mahan
U.S. District Judge

1 per week "at a rate not less than one and one-half times" their normal wages. 29 U.S.C. §
2 207(a)(1). Defendants, however, argue that plaintiffs have failed to plead their claim with
3 sufficient specificity and have merely recited the statutory elements. (Doc. # 2 p. 5).

4 The Ninth Circuit recently decided the level of specificity the post-*Iqbal* pleading
5 standard requires of plaintiffs bringing FLSA claims. *See Landers v. Quality Commc'ns, Inc*.,
6 771 F.3d 638, 641 (9th Cir. 2014). While acknowledging that a plaintiff's inclusion of specific
7 facts moves a complaint closer towards plausibility, the court "decline[d] to make the
8 approximation of overtime hours the *sine qua non* of plausibility for claims brought under the
9 FLSA." *Id*. at 641. Recognizing that employers are in control of "most (if not all) of the detailed
10 information concerning a plaintiff-employee's compensation and schedule," the court held that
11 plaintiffs in FLSA "cases cannot be expected to allege 'with mathematical precision,' the amount
12 of overtime compensation owed by the employer." *Id.* at 641–46.

13 Even without approximating their overtime wages owed, plaintiffs must still at a
14 minimum "specify at least one workweek in which they worked in excess of forty hours and
15 were not paid overtime wages." *Id.* at 646. The Ninth Circuit reached this conclusion after
16 analyzing cases decided by numerous other circuits, each of which involved plaintiffs merely
17 alleging that they commonly worked in excess of forty hours per week without overtime wages.
18 *E.g., Pruell v. Caritas Christi,* 678 F.3d 10, 13 (1st Cir. 2012) (plaintiffs alleging they "regularly
19 worked hours over forty in a week and were not compensated for such time . . . ."); *Lundy v.*
20 *Catholic Health Sys. of Long Island Inc.,* 711 F.3d 106, 114–115 (2d Cir. 2013) (plaintiff
21 alleging that "[s]he 'occasionally' worked an additional 12.5–hour shift or worked a slightly
22 longer shift," but failing to detail how occasionally she worked in excess of her regular shift).

23 In each of these cases, the circuit courts dismissed the plaintiffs' claims, requiring them
24 to "draw on their memory and personal experience to develop factual allegations with sufficient
25 specificity . . . ." *Landers*, 771 F.3d at 643 (citing *Dejesus v. HF Mgmt. Serv., LLC,* 726 F.3d 85,
26 90 (2d Cir. 2013)). The Ninth Circuit adopted the reasoning of these cases, finding that the
27 specificity requirement "was designed to require plaintiffs to provide some factual context that
28 will nudge their claim from conceivable to plausible . . . ." *Id.* at 643 (citing *Dejesus,* 726 F.3d at

**James C. Mahan**
**U.S. District Judge**

- 4 -

90). Applying this standard to the claim before it, the court held that the plaintiff failed to create a plausible claim, because he merely alleged that his employer did not compensate him above forty hours a week and did not indicate a specific workweek in which this occurred. *Id.* at 646.

Since *Landers,* another court within this district applied this standard with facts comparable to the instant case. *See Levert v. Trump Ruffin Tower I, LLC*, No. 2:14-CV-01009-RCJ, 2015 WL 133792 (D. Nev. Jan. 9, 2015). In *Levert*, the plaintiffs alleged "that each and every day they engaged in approximately 115 minutes of unpaid activities." *Id.* at *4. Their complaint included specific duties their employer allegedly required of them with estimates of time expended per task. *Id.* at *1. Applying the *Landers* standard, the court noted that while plaintiffs did not indicate a *specific* workweek in which their employers failed to pay them overtime, they alleged this 115 minutes of unpaid activity occurred "each and every day." *Id.* at *4.

Nonetheless, the court concluded the complaint lacked "a factual element that would allow the Court to bridge Plaintiffs' allegations of daily off-the-clock work with the total amount of time that Plaintiffs worked in any given week." *Id*. The complaint did not allege that the plaintiffs "were assigned at least five shifts of eight hours each workweek . . . ." *Id*. The court would therefore have needed to assume this material detail in order to ascertain whether plaintiffs worked in excess of forty hours per week without overtime pay. *Id*. Furthermore, the court concluded that this issue was "not cured by the conclusory allegation that [plaintiffs] worked more than 40 hours in a workweek," citing the *Landers* requirement that plaintiff "draw on their memory and personal experience to develop factual allegations . . . ." *Id.* (citing *Landers*, 771 F.3d at 643). This court finds this conclusion convincing.

In the instant case, both plaintiffs assert they "routinely worked more than forty hours per week" but did not receive overtime wages. (Doc. # 1 p. 33). This allegation is conclusory. It is nearly identical to complaints before other circuits that the *Landers* court deemed properly dismissed, in which plaintiffs merely alleged they "occasionally" or "regularly" worked in excess of forty hours. *See, e.g.*, *Landers,* 771 F.3d at 642.

**James C. Mahan**
**U.S. District Judge**

- 5 -

1         The instant complaint, however, provides additional details for plaintiff Johnson which satisfy the level of specificity that *Landers* requires for FLSA claims. Namely, Johnson alleges that he worked forty-eight hours and forty four minutes on the week of October 21, 2013, but was paid by defendants for only forty hours. He has therefore met the minimum standard in *Landers* by specifying "at least one workweek in which [he] worked in excess of forty hours and [was] not paid overtime wages." *Id.* at 646.

        While defendants assert that the supporting punch card copy Johnson attached to the complaint as an exhibit is illegible, (doc. # 11 p. 3), this fact is irrelevant. A claim is facially plausible when the *alleged facts* in the plaintiff's complaint allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Iqbal,* 556 U.S. at 678. Evidence supporting these facts is not required at the pleading stage. The motion to dismiss will therefore be denied as to Johnson's FLSA claim.

        Conversely, plaintiff DeAlba's allegations do not contain enough specificity to meet the pleading standard. The only additional fact she alleges is that she "routinely was told to stay between fifteen minutes to an hour after her shift had ended, resulting in her working more than eight hours per day and forty hours per week." (Doc. # 1 p. 33). Like the plaintiffs in *Levert*, who claimed they worked an unpaid 115 minutes every shift, DeAlba does not indicate a specific workweek in which she was not paid overtime, but instead alleges a pattern of working unpaid overtime hours. DeAlba, however, provides no specific information on her shift lengths.

        Like in *Levert*, this absence requires the court to assume she always worked five shifts of eight hours or some comparable combination. This factual gap is not bridged by her conclusory allegation that she was routinely scheduled for more than forty hours a week or that her alleged off-the-clock work caused her to routinely work more than forty hours. While *Landers* made clear that DeAlba is not required to plead her claim with mathematical precision, the pleading standard does require her to "draw on [her] memory and personal experience to develop factual allegations with sufficient specificity . . . ." *Landers,* 771 F.3d at 643, 646.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 6 -

Like her co-plaintiff, DeAlba could have met this standard by specifying at least one workweek where her alleged fifteen minutes to an hour of additional work per shift caused her to work more than forty hours per week without overtime compensation. *See id*. The motion to dismiss will therefore be granted as to DeAlba's FLSA claim. However, the court will dismiss this claim without prejudice in light of the foregoing.

**B. NRS § 608.0005** *et seq*.

Defendants also seek dismissal of plaintiffs' second claim alleging multiple violations of NRS § 608.0005 *et seq.* (Doc. # 2 p. 2). These violations stem from the following allegations of employer misconduct: (1) not paying plaintiffs one and one-half times their normal wages for the hours they worked in excess of forty hours per week in violation of NRS § 608.018; (2) not providing plaintiff Johnson with his final paycheck on the date of his termination; and (3) not paying plaintiffs any wages for hours worked in excess of forty hours per week, thereby not providing them a minimum wage for these hours in violation of NRS § 608.250. (Doc. # 1 p. 37).

Plaintiff Johnson also alleges that defendants violated his employment contract by paying him "a lower wage than agreed on without first providing written notice." (*Id.* at p. 37). He does not, however, cite a NRS Chapter 608 section or any authority that will grant him relief for this claim. The court will therefore not address this allegation.

Defendants' primary argument for dismissing Count II is that NRS Chapter 608 does not grant plaintiffs a private right of action. (Doc. # 2 p. 6). For the reasons below, the court agrees with this assertion as to the first and second claim under Count II but reaches the contrary conclusion for the third claim. The court will therefore consider these two categories separately.

**1. No private right of action exists**

Turning to the first allegation, failure to pay overtime wages under NRS § 608.018, this court has ruled on multiple occasions that this statute does *not* provide for a private right of action. *E.g., McDonagh v. Harrah's Las Vegas, Inc.*, No. 2:13-CV-1744 JCM CWH, 2014 WL 2742874, at *3 (D. Nev. June 17, 2014); *Dannenbring v. Wynn Las Vegas, LLC*, 907 F. Supp. 2d 1214, 1218 (D. Nev. 2013) (concluding "that there is no private right of action under NRS § 608.018."). Nonetheless, plaintiffs assert that NRS § 608.140 implies the Nevada Legislature's

James C. Mahan
U.S. District Judge

- 7 -

1  intent to allow private action based on the statute's provision for collecting attorney fees. (Doc. # 8 p. 8). This court has also addressed this contention before and held that "[i]t is settled law that NRS § 608.140 'does not imply a private remedy to enforce labor statutes, which impose external standards for wages and hours,' but only provides private rights of action for *contractual claims*." *Gamble v. Boyd Gaming Corp.*, No. 2:13-CV-1009 JCM PAL, 2014 WL 2573899, at *4 (D. Nev. June 6, 2014) (citing *Descutner v. Newmont USA Ltd.,* 3:12–cv–00371–RCJ–VPC, 2012 WL 5387703, *2 (D. Nev. 2012)) (emphasis added). Other courts in this district have thoroughly explained the rationales for this conclusion. *E.g., Descutner*, 2012 WL 5387703, at *3.

Next, plaintiff Johnson alleges that he did not receive his final paycheck on the date of his termination. (Doc. # 1 p. 37). The complaint does not cite a section of Chapter 608 authorizing recovery. Nevertheless, defendants' motion to dismiss addresses this issue by citing NRS § 608.030 and referring to the statute as "payment at time of resignation." (Doc. # 2 p. 6). Plaintiffs adopt this statutory citation in their response. (Doc. # 8 p. 8). However, NRS § 608.030 deals with payment of an employee "[w]henever [that] employee resigns or quits his or her employment." It is NRS § 608.020 that addresses payment upon termination. Regardless, this court has also previously held that this statute does not create a private right of action. *McDonagh*, 2014 WL 2742874, at *3.

Having determined that no private right of action exists under NRS § 608.018 and NRS § 608.020 without a contractual claim, the court would normally conclude immediately that these claims are barred as matter of law. Plaintiff Johnson, however, has alleged that he had a contract of employment with defendants. (Doc. # 1 p. 37). Nonetheless, the only information that the complaint provides about this contract is that it provided Johnson a salary of $40,000 per year. (*Id.* at p. 32). The complaint highlights no other contractual provisions and thus provides no information related to overtime wages or payment upon termination. Plaintiff Johnson has therefore failed to assert that he has any contractual rights that relate to NRS § 608.018 or NRS § 608.020. Accordingly, the motion to dismiss will be granted as to Johnson's NRS § 608.018 and NRS § 608.020 claims.

James C. Mahan
U.S. District Judge

Conversely, plaintiff DeAlba has never alleged that she had an employment contract with defendants. (*See* doc. # 1 p. 33). In turn, she is relying on the rights referenced in NRS § 608.018. Since this statute does not establish a private right of action, DeAlba's claim is barred as a matter of law. The motion to dismiss will therefore be granted as to DeAlba's NRS § 608.018 claim.

### 2. A private right of action exists

Plaintiffs' final claim, failure to pay the minimum wage under NRS § 608.250, does involve an explicit private right of action. If an employer pays an employee wages below the minimum wage set by the labor commissioner, NRS § 608.260 allows for that employee to "bring a civil action to recover the difference between the amount paid to the employee and the amount of the minimum wage." This language is unambiguous and courts in this district have recognized that this private right of action exists. *E.g., Lucas v. Bell Trans*, No. 2:08-CV-01792-RCJ-RJ, 2009 WL 2424557, at *5 (D. Nev. June 24, 2009) ("NRS 608.260 recognizes a private right of action by the employee against his or her employer to recover the difference between the amount paid to the employee and the amount of the minimum wage."); *In re Wal-Mart Wage & Hour Emp' Practices Litig.*, 490 F. Supp. 2d 1091, 1125 (D. Nev. 2007). Furthermore, as plaintiffs correctly assert, defendants cite no authority to the contrary and merely address NRS § 608.250 in their broader discussion of NRS Chapter 608. (Doc. # 8 p. 8).

In regards to defendants' alleged violations of NRS § 608.250, the court finds that its analysis of plaintiffs' FLSA claims is also applicable to this claim. Plaintiffs have not alleged any additional facts for this claim. Instead, they have merely alleged that in addition to not paying them overtime wages, defendants did not pay the plaintiffs any wages for hours worked above forty hours a week, thus denying plaintiffs even a minimum wage. (Doc. # 1 p. 36). As discussed above, plaintiff Johnson has specified a particular week in which this alleged violation occurred and has therefore satisfied the pleading standard for his FLSA claim. Since these same facts apply to the alleged minimum wage violation, he also satisfies the pleading standard for his NRS § 608.250 claim. Likewise, plaintiff DeAlba's failure to "develop factual allegations with sufficient specificity" for her FLSA claim indicates the same failure to satisfy the pleading

James C. Mahan
U.S. District Judge

- 9 -

standard in her NRS § 608.250 claim. The motion to dismiss will therefore be denied as to Johnson's claim and granted as to DeAlba's claim.

## C. Retaliation

Defendants next seek dismissal of plaintiff Johnson's third claim alleging retaliation in violation of the Nevada Constitution.[1] (Doc. # 2 p. 2). Article 15, section 16 requires employers to pay employees a minimum wage. It also provides that "[a]n employer shall not discharge, reduce the compensation of or otherwise discriminate against any employee for using any civil remedies to enforce this section or otherwise asserting his or her rights under this section." Nev. Const. art. XV, § 16. Defendants assert that this provision does not create a private right of action. (Doc. # 2 p. 7). The article, however, explicitly allows for such action:

> An employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section . . . .

Nev. Const. art. XV, § 16. Defendants cite no contrary authority and fail to address this provision in their reply. (Doc. # 11 pp. 5–6). The motion to dismiss will therefore be denied as to plaintiff Johnson's retaliation claim.

## D. Blacklisting

Finally, defendants seek dismissal of plaintiff Johnson's fourth claim alleging blacklisting in violation of NRS § 613.210.[2] (Doc. # 2 p. 7). The statute prohibits a person from "publish[ing] the name . . . of any employee . . . discharged by that person with the intent to prevent that employee . . . from engaging in or securing similar or other employment from any other person." NRS § 613.210(b).

However, as the Ninth Circuit and other courts in this district have held, this statute "is a criminal statute that does not confer a private right of action for blacklisting." *Shoemaker v.*

---

[1] Defendants' motion to dismiss refers to the claim as "Plaintiffs' Third Cause of Action for Retaliation." (Doc # 2 p. 2). Plaintiffs' complaint, however, alleges that defendants retaliated only against Johnson.

[2] Defendants' motion to dismiss mistakenly references this statute as NRS § 608.230. (Doc. # 2 p. 7).

**James C. Mahan**
**U.S. District Judge**

- 10 -

*Northrop Grumman Technical Servs., Inc.*, 567 F. App'x 481, 482 (9th Cir. 2014) (affirming the district court's holding on this issue); *see also Minshew v. Donley*, 911 F. Supp. 2d 1043, 1062 (D. Nev. 2012) (dismissing a claim because both parties agreed that NRS § 613.210 does not create a private right of action); *Lothlorien v. Eastridge Pers. of Las Vegas*, No. 2:08-CV-1209-RCJ-LRL, 2010 WL 5441638, at *3 n.1 (D. Nev. Dec. 27, 2010). This court agrees with these holdings. The motion to dismiss will therefore be granted as to plaintiff Johnson's blacklisting claim.

**IV. Conclusion**

Based on the above analysis, the court will grant defendants' partial motion to dismiss, (doc. # 2) as to plaintiff Johnson's Count II (NRS §§ 608.018, .020) and Count IV (NRS § 613.210). The motion is also granted as to plaintiff DeAlba's Count I (29 U.S.C. § 203 *et seq.*) and Count II (NRS §§ 608.018, .250). The motion is denied as to plaintiff Johnson's Count I (29 U.S.C. § 203 *et seq.*), Count II (NRS § 608.250), and Count III (Nev. Const. art. XV, § 16).

For the foregoing reasons,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' partial motion to dismiss, be, and the same hereby is, GRANTED in part and DENIED in part, pursuant to the foregoing.

DATED February 3, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**