1
2
3
4
5                    **UNITED STATES DISTRICT COURT**

6                        **DISTRICT OF NEVADA**

7

8    ERIC JOHNSON,                            )
                                              )
9                        Plaintiff,           )      Case No. 2:14-cv-01960-JCM-GWF
                                              )
10   vs.                                      )      **ORDER**
                                              )
11   PINK SPOT VAPORS, INC., *et al.*,        )      **Motion for Circulation of**
                                              )      **Notice (#15)**
12                                            )
                         Defendants.          )
13   _____)

14            This matter is before the Court on Plaintiffs' Motion for Circulation of Notice of Pendency

15   of This Action Pursuant to 29 U.S.C. 216(b) (#15), filed on January 20, 2015.[1]  Defendants filed

16   their Response (#18) on February 6, 2015.  Plaintiffs filed their Reply (#19) on February 16, 2015.

17   The Court initially heard argument on this motion on February 27, 2015.

18            The Court concluded at the February 27th hearing that the declarations submitted by the

19   Plaintiffs in support of their motion lacked sufficient detail to support the conditional certification

20   of an FLSA opt-in class.  The Court found, however, that Plaintiffs could probably supplement

21   their declarations to provide sufficient detail to support conditional certification.  The Court

22   therefore gave Plaintiffs leave to file supplemental declarations in support of the motion.  Plaintiff

23   filed Supplemental Declarations by Plaintiff Eric Johnson and Antoinette DeAlba on March 12,

24   2015.  The Court conducted a second hearing on March 20, 2015, at which time it orally granted

25   Plaintiffs' motion for circulation of notice.  The Court directed the Plaintiff to submit a proposed

26   _____

27            [1] Subsequent to the filing of the motion for circulation of notice, the Court dismissed the claims of
     Plaintiff Antoinette DeAlba, without prejudice, because the complaint failed to allege sufficient facts to
28   support her claim.  Plaintiff's counsel has not moved to amend the complaint to again name Ms. DeAlba as
     a plaintiff.  Plaintiff, however relies on Ms. DeAlba's declaration in support of his motion for conditional
     certification.  The Court anticipates that Ms. DeAlba will consent to join this action as an opt-in plaintiff.

Notice of Pendency of Collective Action Lawsuit Under the Fair Labor Standards Act ("Notice"), in accordance with the terms agreed to by counsel for the parties and as approved by the Court. Plaintiff's counsel provided a proposed Notice to the Court's chambers on March 24, 2015, which the Court ordered to be filed as Plaintiff's Proposed Notice.  *See Docket No. 26.*

## BACKGROUND

The First Amended Complaint (#1) alleges that Plaintiff Eric Johnson was employed by Pink Spot Vapors, from September 1, 2012 until January 19, 2014 when he was terminated.  ¶¶ 16, 38.  Mr. Johnson alleges that he was initially paid an annual salary of $40,000, although his "role as an employee was little more than a sales clerk, as duties involved keeping tabs on inventory, ringing up sales, and occasionally training other employees." ¶¶ 17, 19.  On March 11, 2013, Mr. Johnson's pay was reduced to an hourly wage of $16.00.

Mr. Johnson states in his Supplemental Declaration that he performed retail services at Defendants' two retail stores in Las Vegas, Nevada.  *Plaintiff Eric Johnson's Supplemental Declaration (#21)*, ¶ 3.  His job duties throughout his employment were to ring up sales, assist customers to select a product or products, explain to customers how various products worked, answer customer questions, stock shelves, assist in maintaining cleanliness of the store, assist customers with samples, and assist customers in choosing a flavor.  ¶ 6.  He states in his supplemental declaration that his hourly wage between September 1, 2012 and March 10, 2013 was $19.25 and was thereafter $16.00 per hour until the end of his employment.  ¶ 10.

Mr. Johnson states that Defendants required him and other retail associates to work in excess of 40 hours per week, every week.  Mr. Johnson states that he "personally worked with other retail associates for more than forty hours per week each week that I worked for Defendants."  ¶ 11. He would "frequently discuss the work hours with the other retail associates and learned in those discussions that most of them had worked more than forty hours per week in nearly ever week of work."  *Id.*  Mr. Johnson also states that he reviewed the posted work schedules for each employee and observed that many retail associates worked beyond the hours posted on the schedules.  *Id.*

Mr. Johnson states that "defendants did not pay me any amount of money, either at my regular wage rate, minimum wage rate, or time and one-half my regular hourly rate, for hours I

worked in excess of 40 hours per week. I would receive forty hours worth of pay if I worked forty or more hours in a particular week. If I worked fewer than forty hours, I was only paid for the number of hours I worked." ¶ 12. Mr. Johnson states that he knew his "fellow retail associates were also receiving their pay in the same 'maximum hours no overtime' basis because we often complained to each other about this fact." ¶ 13. Mr. Johnson references a specific conversation with a co-worker named Corbin, about this practice. ¶ 14. He further states: "Based upon my conversations with numerous other retail associates, including Michael Giovi, Gwendolyn (LNU) Chris (LNU), Corbin (LNU), Antoinette DeAlba, and others, Defendants' 'maximum hours, no overtime' policy applied to all employees working as retail associates in all of its retail locations." ¶ 15.

Antoinette DeAlba states in her supplemental declaration that she worked for Defendants as a retail associate at its Decatur Boulevard store from February 21, 2013 until September 6, 2013. *Antoinette DeAlba's Supplemental Declaration (#21)*, ¶¶ 2, 3, 5. Ms. DeAlba provides the same description of her job duties as Mr. Johnson. ¶ 6. She states that throughout her employment her regular hourly wage was $10.00. ¶ 9. Although she worked only at the Decatur Boulevard store, Ms. DeAlba states that the policy at each of Defendants' store locations required her and other retail associates to work in excess of 40 hours per week, every week. She also states that she was not paid any amount of money, either at her regular wage rate, minimum wage rate, or time and one-half her regular hourly rate, for hours she worked in excess of 40 hours per week. She received forty hours worth of pay if she worked forty or more hours in a particular week. If she worked fewer than forty hours, however, she was only paid for the number of hours she worked. ¶ 11. Ms. DeAlba also states that she discussed this policy or practice with other retail associates. ¶ 12. She references, in particular, Corbin (LNU), who complained to her that he did not receive overtime pay in a week in which Ms. DeAlba also worked over forty hours and did not receive overtime. Ms. DeAlba states that "in that week, every day that I worked, [Corbin] also worked, but he started his shift before me and finished at the same time I did." ¶ 13.

Plaintiff asks the Court to conditionally certify a class of persons eligible to participate in this case consisting of:

[A]ll Pink Spot retail clerks who, for one or more weeks after February 27, 2012, worked in excess of forty (40) hours in a certain week and were not paid any wages for the time worked over forty (40) hours in that week.  A retail clerk is any person who is not otherwise exempt from the provisions of the Fair Labor Standards Act, who spent more than fifty (50) percent of his/her time in that certain week performing any combination of the following tasks:
> A. Ringing up customer sales;
> B. Assisting customers in the store to select a product or products;
> C. Explaining the usage of various products to customers in the retail stores;
> D. Answering in-store customer questions;
> E. Stocking the retail shelves;
> F. Assisting in maintaining cleanliness of store (*must not be the sole duty);
> G. Assisting customers with sampling Pink Spot's custom products in the store;
> H.  Assisting customers in choosing a flavor;
> I. Other duties commonly associated with work as a retail clerk[.]

*Proposed Notice (#26), pg. 2.*

## DISCUSSION

**I.** **Whether Plaintiff Has Made A Sufficient Showing for Conditional Class Certification.**

Under the Fair Labor Standards Act (FLSA), an employee may initiate a collective action on behalf of herself and other similarly situated people.  29 U.S.C. § 216(b).  The requirements for class action certification under Fed.R.Civ.P. 23(a) do not apply to collective actions under the FLSA.  *Kinney Shoe Corp. v. Vorhes,* 564 F.2d 859, 862 (9th Cir. 1977); *Davis v. Westgate Planet Hollywood Las Vegas*,  2009 WL 102735, *8 (D. Nev. 2009).  Although a plaintiff may bring an action on behalf of herself and others similarly situated, "no employee shall be a party to any such action unless he gives his consent in writing to become such a party and such consent is filed with the court in which such action is brought."  29 U.S.C. § 216(b).  District courts have the discretion in appropriate cases to implement § 216(b) by facilitating notice to potential plaintiffs. *Hoffmann-LaRouche, Inc. v. Sperling,* 493 U.S. 165, 169, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989); *Edwards v. City of Long Beach,* 467 F.Supp.2d 986, 989 (C.D. Cal.  2006).

The Court must determine whether the potential plaintiffs are "similarly situated" to create an opt-in class under § 216(b).  *Davis v. Westgate Planet Hollywood Las Vegas*,  2009 WL 102735

at *9, citing *Grayson v. K-Mart Corp.,* 79 F.3d 1086, 1097 (11th Cir. 1996).  A named plaintiff

seeking to create a § 216(b) opt-in class need only show that his/her position is similar, but not

identical, to the positions held by putative class members.  *Sperling v. Hoffman-La Roche, Inc.,* 118

F.R.D. 392, 407 (D.N.J. 1988), aff'd in part and repealed and dismissed in part, 862 F.2d 439 (3rd

Cir. 1988), aff'd, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).  The similarly situated

requirement of § 216(b) is more elastic and less stringent than the joinder and severance

requirements found in Rule 20 and Rule 42 of the Federal Rules of Civil Procedure.

> The Ninth Circuit has not formulated a test to determine whether putative class members

are similarly situated.  Numerous district court decisions, however, apply a two-step approach for

determining whether potential plaintiffs are similarly situated.  *Davis v. Westgate Planet Hollywood

Las Vegas*, *supra,* at *9.  *See also Guy v. Casal Institute of Nevada, LLC,* 2014 WL 1899006, *3

(D.Nev. 2014).  At the first stage, the court makes a preliminary determination whether to

conditionally certify a class under § 216(b) and send notice to potential class members and give

them the opportunity to join the action.  After discovery is completed, the defendant may move, at

the second stage, to decertify the collective action and the court then makes a final determination,

based on the evidence, whether the FLSA collective action should go forward.

> At the first stage, the court relies "primarily on the pleadings and any affidavits submitted

by the parties," [to decide] "whether the potential class should be given notice of the action."

*Davis, supra,* at *9, citing *Leuthold v. Destination America, Inc.,* 224 F.R.D. 462, 466 (N.D. Cal.

2004).  A fairly lenient standard is applied at this stage because the court has "minimal evidence" to

make its determination.  *Mooney v. Aramco Services, Co.,* 54 F.3d 1207, 1213-14 (5th Cir.1995);

*Kane v. Gage,* 138 F.Supp.2d 212, 214 (D. Mass. 2001).  A plaintiff need only make substantial

allegations that the putative class members were subject to a single decision, policy, or plan that

violated the law.  *Mooney,* 54 F.3d at 1214 n. 8.  *See also Byard v. Verizon West Virginia, Inc.*, 287

F.R.D. 365, 369 (N.D.W.Va. 2012) ("District courts in this Circuit have found conditional

certification appropriate where plaintiffs put forward at least a 'modest factual showing' that the

members of the putative class were victims of a common policy or practice that violated the

FLSA.")  The Sixth Circuit has given implicit approval to the two-step approach and the lenient

standard applied at the first step.  *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-547 (6th Cir. 2006).

Although a lenient standard is applied at the initial stage, a plaintiff does not meet her burden through unsupported assertions of widespread violations.  *Edwards v. City of Long Beach*, 467 F.Supp.2d 986, 990 (C.D. Cal. 2006).  *See also Bernard v. Household Intern., Inc.*, 231 F.Supp.2d 433, 435 (E.D. Va. 2002) ("Mere allegations will not suffice; some factual evidence is necessary"); and *Smith v. Sovereign Bancorp., Inc.*, 2003 WL 22701017, *2 (E.D. Pa. 2003) (same).  Affidavits in support of a motion for conditional certification must be based on the affiant's personal knowledge, which may be inferred based on what the affiant would have probably learned during the normal course of employment.  *White v. MPW Industrial Services, Inc.*, 236 F.R.D. 363, 369 (E.D. Tenn. 2006).  The court, however, does not resolve factual disputes, decide substantive issues on the merits or make credibility determinations at the first stage.  *Fisher v. Michigan Bell Telephone Co.*, 665 F.Supp.2d 819, 826 (E.D. Mich. 2009); *Byard v. Verizon West Virginia, Inc.*, 287 F.R.D. at 371.

Some courts have held that a motion for conditional class certification must be based on admissible evidence.  *Harrison v. McDonald Corp.*, 411 F.Supp.2d 862, 865-866 (S.D. Ohio 2005);  *Richards v. Computer Scis. Corp.*, 2004 WL 2211691, *1 (D. Conn. 2004); and *Threatt v. Residential CFR, Inc.*, 2005 WL 463199, *5 (N.D. Ind. 2005).  Other courts state, however, that evidence submitted in support of a motion for conditional certification does not have to meet the admissibility standard applicable to summary judgment motions.  *White v. MPW Industrial Services, Inc.*, 236 F.R.D. 363, 368 (E.D. Tenn. 2006); *Crawford v. Lexington-Fayette Urban County Government*, 2007 WL 293865, *2-*3 (E.D. Ky. 2007); *Bredbenner v. Liberty Travel, Inc.*, 2009 WL 2391279,*2 n. 1 (D.N.J. 2009); *Howard v. Securitas Security Services,* 2009 WL 140126, *3 (N.D.Ill. 2009); and *Longcrier v. HL-A Co., Inc.*, 595 F.Supp.2d 1218, 1224 n. 8 (S.D. Ala. 2008).  *Fisher v. Michigan Bell Telephone Co.*, 665 F.Supp.2d at 826, states that "[b]ecause final disposition is not an issue at the conditional certification stage, requiring a plaintiff to present evidence in favor of a conditional certification that meets the hearsay standards of the Federal Rules of Evidence fails to take into account that the plaintiff has not yet been afforded an opportunity,

6

through discovery, to test fully the factual basis of his case." (internal quotation marks and citations omitted). *See also Davis v. Social Service Coordinators, Inc.*, 2012 WL 5361746 (E.D. Cal. 2012). This Court believes the evidentiary standard applied by *White* and *Fisher* at the conditional certification stage is the better view.

A few courts have required plaintiffs to show that other individuals within the putative class desire to opt into the action. *Dybach v. State of Florida Dept. of Corrections*, 942 F.2d 1562 (11th Cir. 1991). This requirement has not been applied by district courts in the Ninth Circuit. *See Davis v. Westgate Planet Hollywood Las Vegas*, 2009 WL 102735, *12 (D.Nev. 2008); *Kiser v. Pride Communications,* Inc., 2011 WL 3841021, *2 (D.Nev. 2011); *Hoffman v. Securitas Security Services*, 2008 WL 5054684, *5 (D.Idaho 2008); *Mowdy v. Beneto Bulk Transp.*, 2008 WL 901546, *7 (N.D.Cal. 2008); and *Davis v. Social Service Coordinators, Inc.*, 2012 WL 5361746, *20 (E.D.Cal. 2012). This Court declines to impose such a requirement because it is inconsistent with the purpose of limiting initial contact with potential class members to the court-approved notice. *See Hoffman*, 2008 WL 5054684, at *6.

The class defined in the Proposed Notice (#26) consists of present and former employees, who worked as retail associates in Defendants' two retail stores in Las Vegas, Nevada. The total number employees in this proposed class is not numerous and appears to be in the range of 20 to 25 individuals. The supplemental declarations of Mr. Johnson and Ms. DeAlba, although by no means conclusive, are sufficient at this stage of the case to support conditional certification of the class. Mr. Johnson and Ms. DeAlba testify that they both worked in excess of forty hours per week, but were not paid any compensation for those excess hours. They also testify that they discussed this practice with fellow retail associates who complained about the practice to which they were also subjected. Mr. Johnson, in particular, names four other employees besides Ms. DeAlba with whom he discussed this policy or practice. Given the relative small size of the class, this is a sufficient number to indicate the existence of the alleged policy or practice as applied to Defendant's retail associate employees. Plaintiff has therefore made a sufficient factual showing for conditional certification of the proposed FLSA opt-in class.

. . .

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**II.    Opt-In Period**.

Plaintiff requests that the Court authorize a period of 120 days from the date the notice of pendency of this action is mailed, for the collective action class members to join this action by filing consents with the Court.  Defendants request a much shorter opt-in period.  This Court, in the past, has approved notice periods of between 60 and 120 days.  *See* Allerton v. Sprint Nextel Corporation, Case No. 2:09-cv-01325-RLH-GWF, Order (#33), filed November 16, 2009 (granting an opt-in period of 60 days); *Lewis v. Nevada Property 1, LLC*, 2013 WL 237098, *16 (D.Nev. 2013) (granting opt-in period of 90 days); *Kiser v. Pride Communications, Inc.*, 2011 WL 3841021, *1 (D.Nev. 2011) (approving 60 day opt-in period); *Cranney v. Carriage Services, Inc.*, 2008 WL 608639, *5 (D.Nev. 2008) (approving opt-in period of 120 days which may have been unopposed by defendant); and *Phelps v. MC Communications*, 2011 WL 3298414, *6 (D.Nev. 2011) (granting 90 day opt-in period).  The class in this case is quite small, probably no more than 20-25 individuals.  Although a shorter notice period could probably be justified, the Court finds that a notice period of sixty (60) days is reasonable.

**III.    Posting and Mailing of Notice.**

Plaintiff requests that his counsel be provided with the names, last known addresses, last known phone numbers, and email addresses of all the potential class members.  Plaintiff also requests that the notice of pendency and consent forms be posted in a conspicuous place in Defendant's retail stores.  Plaintiff further requests that Defendants be required to email the notice and consent form to the potential class members.  Defendants oppose Plaintiff's request that the notice and consent forms be posted in Defendant's stores or that Defendants be required to email the notices to potential class members.

Some decisions have required the posting of the notices in the defendant's workplace, while others have not.  *See Schemkes v. Presidential Limosine*, 2011 WL 868182, *5 (D.Nev. 2011) (ordering posting) and *Phelps v. MC Communications*, 2011 WL 3298414, *6 (D. Nev. 2011) (refusing to order posting).  The court in *Phelps* stated that there was no indication that service by first class mail or email would be ineffective or inadequate.  The court noted that defendant should have proper addresses for their current employees and that posting the notice in the workplace

8

1   would not provide notice to former employees for whom defendant had no current address

2   information. *Id.*, at *5. There is no indication in this case that Defendants are unable to provide

3   current mailing addresses and/or email addresses for past or present employees who fall within the

4   opt-in class, such that posting in the store premises is necessary to provide notice of this action.

5          The Court will not place on Defendants the burden of sending the notice to potential class

6   members. Defendants are required, however, to promptly provide Plaintiff's counsel with the last

7   known mailing addresses (street or post office box addresses), email addresses and telephone

8   numbers of the class members. Plaintiff is authorized to send the notice to putative class members

9   by regular mail and email. *See Phelps v. MC Communications*, 2011 WL 3298414, at *6 ("Email

10  is an efficient, reasonable, and low cost supplemental form of notice, particularly where the

11  Defendants may lack current physical mailing address information for its former employees.").

12         Plaintiff's counsel or his staff may contact class members by telephone after they consent

13  to participate in this action. Plaintiff's counsel may make telephone contact with individuals who

14  have attempted to opt-in, but whose consent forms are not properly executed. Plaintiff's counsel

15  may also contact potential class members by telephone where efforts to serve them with the notice

16  by mail or email have been unsuccessful. Such contact shall be limited to obtaining a current

17  address to which the notice can be mailed or emailed. Plaintiff's counsel and his staff shall not

18  otherwise attempt to contact putative class members by telephone prior to delivering them the

19  authorized written notice by regular mail or email. Plaintiff may seek court approval to

20  communicate by telephone with potential class members for reasons other than those authorized in

21  this paragraph.

22         **IV.   Form of Notice.**

23         Plaintiff's Proposed Notice (#26) generally conforms to the form of notice approved by the

24  Court in other cases. Courts have approved a statement in the notice that informs prospective class

25  members of their potential obligation to participate in discovery or to testify at trial. *Whitehorn v.*

26  *Wolfgang's Steakhouse, Inc.*, 767 F.Supp.2d 445, 450 (S.D.N.Y. 2011), for example, states that

27  courts in the Southern District of New York routinely accept language requiring the notice "to

28  inform potential plaintiffs that if they opt-in, they *may* be asked to (1) appear for depositions; (2)

9

respond to written discovery; (3) testify at trial." *See also Behnken v. Luminant Min. Co., LLC*, ---

F.Supp.2d ----, 2014 WL 585333, *10 (D.Tex. 2014) (notice should include information regarding

possible obligation to respond to written discovery, appear for deposition or testify at trial); *Mitchel*

*v. Crosby Corp.*, 2012 WL 4005535, *7 (D.Md. 2012) (same); *Byard v. Verizon West Virginia,*

*Inc.*, 287 F.R.D. 365, 374 (N.D.W.Va. 2012) (same); *Pack v. Investools, Inc.*, 2011 WL 5325290,

*4 (D.Utah 2011) (same), and *Phelps v. MC Communications*, 2011 WL 3298414, at *7 (same).

The inclusion of such language in the notice will assist the class members in understanding their

obligations if they join the lawsuit and will not unreasonably deter them from joining the lawsuit.

The Court therefore directs Plaintiff to add the following statement at the end of the section entitled

"EFFECT OF JOINING THIS SUIT:"

> By joining this case, you may be required to respond to written discovery, appear for a deposition or testify at trial.

Defendants also requested that the notice inform the recipients that by joining the lawsuit,

they may be liable for costs and attorney's fees to the defendants if plaintiff does not prevail in the

action.  Courts are split on whether it is proper to include such a statement in the notice.  *See Byard*

*v. Verizon West Virginia, Inc.*, 287 F.R.D. at 374-75, citing cases pro and con.  Judges in this

district have refused to require such a provision in the notice.  In *Phelps v. MC Communications*,

2011 WL 3298414, at *7, the court noted that attorney's fees may only be awarded to a defendant

in an FLSA action if the plaintiff litigates in bad faith.  The court found that the remote possibility

of such an award did not support inclusion of the requested language which only served to

discourage collective action members from joining the suit.  In *Green v. Executive Coach and*

*Carriage*, 895 F.Supp.2d 1026, 1030 (D.Nev. 2012), the court stated that the inclusion of such

information in the notice is not proper because it "'may have an *in terrorem* effect that is

disproportionate to the actual likelihood that costs or counterclaim damages will occur in any

significant degree.'"  *See also Guzman v. VLM, Inc.*, 2007 WL 2994278 (E.D.N.Y. 2007) and

*Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F.Supp.2d 445, 451 (S.D.N.Y. 2011),  This Court

also declines to include such language in the notice.

. . .

1

### V.    Equitable Tolling.

2        Plaintiff requests that the Court toll the running of the statute of limitations from the date

3  the instant motion was filed through the end of the notice period.  As stated in *Davis v. Westgate*

4  *Planet Hollywood*, 2009 WL 102735, *14 (D. Nev. 2009), federal courts have applied equitable

5  tolling in two situations: (1) when the plaintiffs were prevented from asserting their claims by some

6  wrongful conduct on the part of the defendant; or (2) when extraordinary circumstances beyond

7  plaintiffs' control made it impossible to file the claims on time.  *Alvarez-Machain v. United States*,

8  107 F.3d 696, 701 (9th Cir. 1996).  There is no evidence that Plaintiff has been prevented from

9  asserting his claims by any wrongful acts of the Defendants.  The judges in this district have not

10  granted motions to toll the running of the statute of limitations where the defendant has filed a non-

11  frivolous opposition to the motion for conditional certification of the FLSA class.  *See e.g. Davis v.*

12  *Westgate Planet Hollywood*, at *14; *Phelps v. MC Communications, Inc.*, 2011 WL 3298414, *8

13  (D. Nev. 2011) (tolling not warranted); *Williams v. Trendwest Resorts, Inc.*, 2006 WL 3690686, *8

14  (D. Nev. 2006) (tolling not warranted); and *Lewis v. Nevada Property 1*, 2013 WL 237098, *14-15

15  (D.Nev. 2013) (tolling not warranted).  *Phelps* noted that "the fact that Defendants opposed the

16  motion to circulate notice did not, in and of itself, preclude any potential plaintiff from asserting his

17  or her claim."  2011 WL 3298414, at *8.  Defendants' opposition to the motion in this case was not

18  frivolous.  Tolling the statute of limitations from the date that Plaintiff filed his motion is therefore

19  not warranted.

20        The court's delay in deciding a motion for conditional certification, or the potential delay

21  that may occur in providing the information needed to send notice to the class members, however,

22  may justify some tolling of the statute of limitations.  In *Lucas v. Bell Trans*, 2010 WL 3895924, *5

23  (D. Nev. 2010), the court tolled the statute of limitations for the period caused by the court's delay

24  in deciding the motion and because Rule 23 class status had already been granted for plaintiff's

25  state law claims.  In *Small v. University Medical Center*, 2013 WL 3043454, *3-4 (D.Nev. 2013),

26  the court, relying on *Adams v. Inter-Con Security Systems, Inc.*, 242 F.R.D. 530, 543 (N.D.Cal.

27  2007), tolled the running of the statute of limitations from the date that plaintiff's motion for

28  conditional certification became ripe for decision through the date that defendant provided the

names and addresses of the class members to the plaintiff. The court stated that defendant's motion was ripe for decision thirty days after it was filed. The court stated that defendant would not be prejudiced by such tolling because it knew of the scope of its potential liability from when the complaint was filed and was aware of plaintiff's objective to join all employees within the conditionally certified class as parties to the action. *Small, supra*, at *4. The court further ordered that the tolling period would end on the date that defendant provided the employee contact information to plaintiff's counsel, or the date that an opt-in plaintiff filed his/her consent to join the action, whichever occurred earlier. The statute of limitations was not tolled as to any plaintiff whose consent to join the action was filed before the tolling period began.

In this case, Plaintiff's motion for circulation of notice became ripe for decision on or about February 19, 2014. The Court conducted the initial hearing in this matter on February 27, 2014 and conducted a further hearing on March 24, 2015 to afford Plaintiff the opportunity to submit supplemental declarations and for the parties to potentially stipulate to conditional certification and the form of notice. In order to provide consistency with *Small* and to avoid prejudice that may result from any delay in providing the addresses of the opt-in class members, the Court will toll the running of the statute of limitations from February 19, 2015 until the date that Defendants provide Plaintiff's counsel with the last known addresses, email addresses and telephone numbers of the potential class members.

## CONCLUSION

Plaintiff has provided sufficient facts to support the conditional certification of an FLSA class of Defendant's retail employees as described in the Proposed Notice and for notice of the action to be sent to potential class members. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Circulation of Notice of the Pendency of this Action Pursuant to 29 U.S.C. § 216(b) and for Other Relief (#20) is **granted** as follows:

1.      The Court conditionally certifies an FLSA collective action class consisting of the persons described on page 2 of Plaintiff's Proposed Notice (#26) under the section entitled "**COMPOSITION OF THE CLASS**."

2.      The Court further authorizes the sending of the written "Notice of Pendency of Collective Action Lawsuit Under the Fair Labor Standards Act" (hereinafter "Notice") and "Consent to Join Pursuant to 29 U.S.C. §216(b)" (hereinafter "Consent") as further modified by this order.  The Notice shall include an opt-in period of sixty (60) days; shall inform the recipients of their obligation to participate in discovery or appear at trial if they opt-in.   Plaintiff shall file the revised Notice form with the Court Clerk within seven (7) days of the date of this order.

3.      Defendants shall provide Plaintiff's counsel with the names and last known street or post office box mailing addresses, email addresses, and telephone numbers of the potential collective action class members within ten (7) days from the date of this order.  The date for providing such information may be extended by order of the Court, pursuant to stipulation of the parties or upon motion for good cause shown.

4.      Plaintiff shall send the Notice to the potential collective action class members within fourteen (14) days after receiving the contact information from Defendants.  Plaintiff shall also promptly file a statement with the Court Clerk certifying the date that the Notice was sent to the potential class members.

5.      Plaintiff is required to file with the Court Clerk all Consents to Join Pursuant to 29 U.S.C. §216(b) within sixty (60) days from the date that the Notice was sent to the collective action class members.  Any individual on whose behalf a Consent is filed after the expiration of the deadline will not be allowed to participate as a plaintiff in this action, unless for good cause shown, the Court enters an order permitting such individual to participate.

6.      The running of the statute of limitations on the claims of potential collective action class members shall be tolled from February 19, 2015 until the date that Defendants provide the contact information for the potential collective action class members to Plaintiff.

DATED this 27th day of March, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

13